ABEL A. CROSBY et al., Survivors, etc., Respondents, *v.* THE
PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE
AND HUDSON CANAL COMPANY, Appellant.

It is not error for a trial court to refuse to charge the jury as to the effect
upon certain evidence if certain other evidence is believed by them, and
to relegate the whole matter to the jury.

So also a refusal to charge that the intent of one of the parties to a trans-
action determines its legal effect, and a charge that the intention with
which a thing is done does not always control its legal effect were
proper.

When question as to whether a transaction is a sale or bailment is one of
fact for a jury.

(Argued January 31, 1894; decided February 27, 1894.)

APPEAL from judgment of the General Term of the
Supreme Court in the third judicial department, entered upon

---

* 65 Hun, 194.                    † 70 Hun, 200.

an order made November 22, 1892, which affirmed a judgment in favor of plaintiffs entered upon a verdict.

The following is the opinion herein in full :

"This action, which, for the third time, is brought to our attention, was instituted to recover the value of a quantity of lumber, wrongfully taken and converted, as the plaintiffs allege, by the defendant. It had been transferred to plaintiffs by the firm of G. & E. Harnden, in payment of an indebtedness. The Harndens were engaged in the business of boat building upon the Delaware and Hudson Canal and, in November, 1882, had contracted with the defendant to build two canal boats, during the coming winter, for delivery in the spring. In pursuance of an order from them, the defendant, subsequently to the making of the contract, delivered at their yard lumber of the quality and quantity requested. The contract between the parties as to the building of the boats contained no obligation as to the ordering or the supplying of any lumber. When the lumber was sent, the defendant forwarded to the Harndens one of their printed bills, or a memorandum with blank spaces to be filled in by writing; headed : 'Rondout, N, Y., Nov. 24, 1882. Messrs. G. & E. Harnden to the Delaware and Hudson Canal Co. Dr. ;' and thereinafter specifying the number of feet, the kinds, sizes and prices of the lumber and the sum of the indebtedness. In December following, the Harndens failed and applied their various properties toward the discharge of the claims of creditors; transferring, as it has been said, this lumber to the plaintiffs by means of a bill of sale.

"The defendant, claiming to have always retained its ownership of the lumber, introduced evidence for the purpose of showing that the lumber had been furnished to the Harndens only to be used in the boats contracted for; payment to be made for it by deduction of its value from the price of the boats upon their completion in the spring. It was shown that it was the custom for the defendant to furnish its own lumber to boat builders generally, but solely for the purpose of being used in the construction of boats it had contracted for, and with the understanding that its cost was to be taken out when the boats were paid for. The evidence tended to show that

this custom was known to the Harndens and that, while in former years they had made cash payments for lumber obtained of the defendant, for some few years prior to this transaction, in November, 1882, they had maintained similar contractual relations with defendant in the building of boats; ordering lumber of the defendant for the purpose of being put into boats and having its cost deducted from the contract price of the boats. The defendant has contended that the transaction between it and the Harndens, in the furnishing of this lumber, constituted a bailment only of the lumber and not a sale; and that its title to it was never to be severed until the lumber was actually used in the construction of the boats. Upon the first trial, the trial judge followed that view and nonsuited the plaintiffs. When from that trial it came here, we held that, upon the evidence, whether it was a bailment or a sale of the lumber was a question for the jury to determine. We thought that the bill, or memorandum, sent with the lumber, was some evidence that the transaction was understood as a sale and that the custom of the defendant in supplying its lumber was not necessarily inconsistent with a sale. (119 N. Y. 334.) Upon a subsequent trial the plaintiffs recovered a verdict and when the case came here again, upon the defendant's appeals, the judgment was reversed and a new trial ordered; because of error in the exclusion of evidence offered by the defendant, in the testimony of the agent, who sent the bill of sale, or memorandum, however it may be termed, to explain the object or purpose in sending that paper. (128 N. Y. 651.) The agent was the company's paymaster, whose duty it was to send out such bills or statements, and we held that his testimony, to explain the meaning of the bill being sent to the Harndens, was not objectionable as an attempt to vary any contract between the parties. It had been made use of by the plaintiffs, as evidence of an admission by the defendant of there having been a sale of the lumber, and being, by reason of its informal character, consistent with either that view, or with the view that it was merely a statement advising the Harndens of what had been delivered under their order and of what they would have to account for, it was proper that the defendant should have whatever benefit

might result from an explanation by its agent of his object in sending it. Had the evidence, aside from this bill, established that there had been a sale, then the explanation of the purpose in sending the bill might have been improper. Such an instrument is usually deemed to be within an exception to the general rule of evidence and, for its informal and incomplete character, to be open to evidence in explanation and to throw light upon the contract between the parties. (See Phil. on Evid., C. & H.'s notes, 672; 3 Cranch, 311.) Upon the last trial, the evidence of the company's agent, in explanation of the purpose of sending the bill in question, was admitted and was to the effect that it was sent upon this occasion to the Harndens, as it had been sent to them upon previous dealings and, in accordance with the company's universal custom, to other parties, 'as a memorandum of the lumber that they had and as a memorandum of the amount that had to be deducted from the contract price of the boat when the company settled for it' and that it was not sent for any other purpose. With that explanation of the company's agent, in connection with some testimony by other boat builders that the company furnished lumber to all of them upon the same terms, and for the sole purpose described by the company's agent, the defendant's counsel insists that the case was so complete for the defendant, as to have made it the duty of the trial judge to decide the question as one of law, in favor of the defendant, and to have nonsuited the plaintiffs. That the evidence preponderates in favor of the defendant's contention, as to what the transaction amounted to, cannot be doubted and, as we have said upon the previous occasions, when the case was under review, we again say that the equities militate and the evidence tends strongly against the claim of the plaintiffs. It is difficult to understand how the jury could have come to the conclusion which they did, upon any fair and conscientious consideration of the proofs; but we cannot say that the case had been wholly removed from their province and if not, then we cannot interfere with their decision of the issue. It does not follow that, with the evidence of the company's agent in the case, however strongly supporting the company's position, the plaintiffs were foreclosed

from insisting upon the inconclusiveness of the evidence relied upon by the defendant; or upon certain opposing inferences being possible from the proofs, and that it was the province of the jury to consider and decide. Nor was anything else to be inferred from our previous opinion than that the evidence of the company's agent was admissible in its behalf upon the issues, in view of the use made of this bill by the plaintiffs and to explain the object in sending it. However convincing the evidence to the ordinary mind that the defendant was right in its contention, it cannot be said that the facts depended upon were incapable of another aspect; or that, from the circumstances out of which grew, and which bore upon, the relations of these parties, it was impossible to infer that this transaction was not a sale of the lumber.

"It is the undoubted rule that, in such actions, the plaintiff must establish his title to, and right to the possession of the property alleged to have been wrongfully converted and this was undertaken in this case. The Harndens were in possession of the lumber and, apparently from the bill rendered, were indebted for it, as upon a sale to them, and they had transferred it to plaintiffs by a bill of sale. It appeared that the Harndens had previously bought lumber of the defendant for cash and that, after an interview between a member of that firm and an officer of the company, the course of dealing was changed and credit was given to them for lumber ordered and delivered. With lumber so obtained boats of other parties were repaired and there was no proof that any restrictions were imposed upon its use. Nor did it appear that anything was said, or written, as to the title to this lumber being only conditional in the Harndens. Though its cost was to be received by the defendant only when the boats were built, and then by way of deduction from the sum contracted to be paid for the boats, that was not necessarily conclusive upon the question of the ownership meanwhile; for the title to an article may pass upon a credit sale, if such be the intention of the parties. Another circumstance was that the company was not bound to accept and to pay for the boats until after inspection and approval; thus introducing another element of possible doubt into the question of title. All these circumstances, and

some others of more or less importance, were open to the consideration of the jury, in connection with the form of the bill for the lumber, sent by the company's agent, and, as it has been already intimated, however strong may seem the inference to our minds that there was only a conditional sale, or a bailment, of the lumber, a different inference was permissible; so that, under the well-settled rule, the jury became the proper judges between the litigants, and their decision closes the dispute; in the absence of any errors committed in the course of trial, which would authorize us to order a new trial.

"The defendant's counsel requested the trial judge to charge 'That if the jury find that the evidence given by Larter that the bill sent to the Harndens November 24th, 1882, was sent only as a memorandum of the quantity and of the quality of the lumber, and its value is true, the bill is not an admission that the lumber was sold to the Harndens.' To which request he replied: 'I decline to charge in those words, and will leave it as a question of fact, under all the evidence, for the jury to determine whether or not the lumber was sold.'

"We think there was no error in this. Larter was the company's paymaster and had testified that the bill had been sent, as previous ones had been sent; namely, as a memorandum to show the amount to be deducted from the contract price of the boats when constructed. The effect of that evidence upon the bill was for the jury to decide.

"It was not legal error for the court to refuse to say what would become of certain evidence, if certain other evidence was believed. Nor was the court bound to put the proposition to the jury, if we assume its truth, as it was formulated by the counsel. (85 N.Y. 618.) Therefore, when in his reply to the request, the trial judge simply relegated the whole matter to the jury, to be decided upon the evidence before them, he committed no error.

"In his charge he remarked that 'the intention with which a thing is done, does not always control the legal effect of the thing done.' That is very true, and did not prejudice the defendant's case. That object which one may propose to himself, in entering upon some transaction, often fails of its accomplishment by the operation and intervention of rules of law.

The judge sufficiently explained the bearing of the remark. When subsequently, upon the request of the defendant's counsel, he instructed the jury that the minds of contracting parties must meet to make a valid contract; that the question was one for the jury as to what the contract was; and that 'if from the circumstances you are satisfied that it was the intention of both parties at that time that the title should pass, that their minds met upon that, then you may treat it as a sale. If from the circumstances you do not believe that the parties' minds met you may treat it as no sale,' he made it clear enough, what part intention played in the transaction of the parties and there should have been no confusion in their minds about it.

" The trial judge refused to charge ' that the intent of Larter as to the sending of the bill * * * if Larter is believed by the jury, does determine the legal effect of the sending of the bill.' This was not error. As it has been said, Larter was following the usage in previous transactions and though his own intention in sending the bill in that form may, nevertheless, have been to treat the matter as a bailment, and the bill as a mere memorandum, that could not control the real arrangement, if it was otherwise; and to decide what that was, the facts and circumstances, taken all together, must be considered and weighed, for the absence of any definite agreement upon the subject in words, or in writings.

" We have scrupulously considered these and other rulings, upon requests to charge and upon the admission and exclusion of evidence, and we are not able to say that there exists any error which would justify us in permitting the defendant to submit its case to the chances of another trial.

" The judgment should be affirmed, with costs."

*F. L. Westbrook* for appellant.

*S. L. Stebbins* for respondents.

Gray, J., reads for affirmance.
All concur.
Judgment affirmed.